UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 07-04502-JW |
| | Chapter 13 |
| Robert Mark Stroud, | ORDER |
| Debtor(s). | |

FILED
at ___ O'clock & ___ min ___ M
MAR 0 5 2008
United States Bankruptcy Court
Columbia, South Carolina (41)

**ENTERED**
MAR 0 5 2008
**N.S.**

This matter comes before the Court on Robert Mark Stroud's ("Debtor") Motion for a Moratorium ("Motion"). SAFE Federal Credit Union ("SAFE") opposes the Motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1. Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on August 23, 2007. With the petition, Debtor filed a proposed chapter 13 plan in which Debtor proposed to make payments in the amount of $1,025.00 per month for a period of sixty (60) months to the chapter 13 trustee for distribution to his creditors.

2. Debtor amended his chapter 13 plan on October 19, 2007 to provide for payments in the amount of $1,050.00 for a period of sixty months.

3. The Court confirmed Debtor's amended chapter 13 plan on January 10, 2008.

4. Debtor filed the Motion on January 24, 2008 on grounds that he lost his employment. He seeks to suspend payments under the plan for a period of three month.

---

[1] To the extent any Findings of Fact constitute Conclusions of Law, they are adopted as such. To the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

5.  SAFE filed an objection to the Motion on grounds that amendment to the plan is not in good faith and granting the Motion would extend the payment terms beyond the allowed statutory period for chapter 13 plans.

## CONCLUSIONS OF LAW

Debtor's Motion is judged as a motion to modify the confirmed chapter 13 plan pursuant to 11 U.S.C. § 1329. See In re Wilson, C/A No. 96-75601-W, slip op., 1997 WL 33343974 (Bankr. D.S.C. May 20, 1997). SAFE contends that the Motion cannot be granted as a matter of law because granting the Motion would extend the plan beyond allowed five year limitation period. 11 U.S.C. § 1329(c) provides that:

> A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) *after the time that the first payment under the original confirmed plan was due*, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time

11 U.S.C. § 1329(c) (emphasis added).

Pursuant to 11 U.S.C. § 1326(a), payments under a chapter 13 plan are due "not later than 30 days after the date of the filing of the plan or the order for relief, which ever is earlier...." Thus, in this case, Debtor's first chapter 13 payment would have been due not later than September 22, 2007. However, the five year limitation period imposed by 11 U.S.C. § 1329(c) does not commence on the date that the first payment is due but rather on the date that the first payment after confirmation is due. See West v. Costen (In re Costen), 826 F.2d 1376, 1378 (4th Cir. 1987). In Costen, the Fourth Circuit construed "under the original confirmed plan" to be the operative language of 11 U.S.C. § 1329(c). Thus the debtor in Costen, who began making plan payments in May of 1981 had until September of 1986 to complete his plan since the plan was confirmed in September of 1981. See id. at 1378, n. 3 (excluding pre-confirmation payments from the calculation of the five year period of 11 U.S.C. § 1329(c)). Although 11 U.S.C. § 1326(a) was not added to the Bankruptcy

2

Code until 1984 and 11 U.S.C. § 1329(c) was recently amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the result of <u>Costen</u> does not change given that 11 U.S.C. § 1326(a) does not bear on the length of the plan and the amendments to 11 U.S.C. § 1329(c) do not alter the language relied upon by the Fourth Circuit. In this case, granting the Motion will extend Debtor's last payment until December of 2012 and therefore the relief requested in the Motion does not violate the Bankruptcy Code.

SAFE's objection also contends that the Motion was not filed in good faith because SAFE's collateral is not insured. In its objection, SAFE contends that Debtor should propose the surrender of SAFE's collateral in order to meet the good faith requirement of 11 U.S.C. § 1325(a)(3). It appears that SAFE's collateral is Debtor's primary means of transportation. Due to a lapse of insurance, SAFE also moved for relief from the automatic stay. Debtor has entered into a settlement agreement with SAFE, which allows Debtor to cure the lapse of insurance, pay SAFE's costs, and retain the collateral. Therefore, the Court cannot find that Debtor's retention of the collateral indicates bad faith because Debtor has insured the collateral and is paying SAFE damages associated with his default.

It appears that Debtor has experienced a substantial and unanticipated change in his financial circumstances through the loss of his job. Debtor's loss of employment has left him unable to make his chapter 13 plan payments and meet his other obligations. A short suspension in plan payments would allow Debtor time to obtain new employment without compromising his current reorganization effort, which benefits all creditors. The Motion meets the requirements for modifying Debtor's chapter 13 plan and is therefore granted.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
March 5, 2008

3